## THE NEW HAVEN TRUST COMPANY, RECEIVER, vs. DANIEL E. FITZPATRICK.

Third Judicial District, Bridgeport, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action by the receiver of an insurance company against the maker of a promissory note given to the company for shares of its stock, the defendant claimed that the note had been assigned to secure a loan made to the company before it went into the hands of the receiver. The contract relied upon to prove the assignment, recited that the company assigned whatever should be paid upon said note or which should become due on account of the note, but reserved to itself all title to the note and all of the indebtedness acknowledged thereby, except so far as required to pay said loan. The company retained possession of the note for collection, giving a receipt therefor, and reserving to itself the proceeds above the loan and interest. *Held* that under the terms of the contract the right of possession and legal title to the note remained in the company, and therefore the action by its receiver was maintainable.

Argued November 19th—decided December 20th, 1901.

ACTION by the receiver of an insolvent insurance company to recover the amount of a promissory note given for shares of its capital stock, brought to the Superior Court in New Haven County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff for $976, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Edwin S. Hunt*, for the appellant (defendant).

*John Q. Tilson*, for the appellee (plaintiff).

TORRANCE, C. J. In January, 1897, the defendant made and delivered to the Connecticut Life Insurance Company, a corporation located in Waterbury, then called the Connecticut Indemnity Association, the promissory note in suit, for $800, payable to the order of said corporation six months af-

ter date. The plaintiff is the receiver of said life insurance company, and in its complaint in this case it alleges that at the time of its appointment as such receiver said note was owned and held by said life insurance company, and is now held by the plaintiff as such receiver and no part of it has ever been paid. In his answer the defendant denied these allegations, and also alleged that before the plaintiff was appointed receiver the life insurance company had "sold, assigned, and transferred said note for a valuable consideration to a third party," and that in consequence of such transfer neither the life insurance company, nor the plaintiff as its receiver, now have any right or title to said note. This alleged want of title in the plaintiff to said note was the only defense relied upon in the trial court.

The material facts found are these: In June, 1894, Platt, Wade and Platt, loaned to the life insurance company $34,000, and to secure them therefor the company and said Platt, Wade and Platt, then entered into and executed a certain written agreement. At the date of said agreement the life insurance company held the promissory notes of divers of its stockholders, for divers amounts, aggregating upwards of $60,000, which were all described in said agreement, and among these was one due from V. L. Sawyer. The agreement recites, in substance, that the life insurance company, called therein the party of the first part, in consideration of the loan aforesaid made to it by Platt, Wade and Platt, parties of the second part, "does hereby sell, assign, transfer, and set over to said parties of the second part all money and other valuable things which shall be given in full or in part payment either of principal or interest of certain promissory notes hereinafter named, or of any renewals thereof, and all money and other valuable things which shall become due on account of the same," until such loan with interest is paid. It further provided that the life insurance company should deliver to the parties of the second part "all money and other valuable things" received by it on account of said notes, and empowered them "to collect any money or other valuable thing which shall become payable on account of said notes,"

and to give a discharge therefor in the name of the life insurance company. The agreement then proceeded as follows: "Said party of the first part hereby reserves to itself all of its rights and title to each and all of the notes hereinafter named, and to each and all of the indebtedness acknowledged thereby, and to all payments and proceeds which shall be derived therefrom, except only so far as the same shall be required" to repay said loan with interest.

The notes described in the agreement were left in the possession of the life insurance company, it giving a receipt therefor, which, after describing the notes named in the agreement, reads as follows: "Received of C. M. Platt, H. L. Wade, and Lewis A. Platt, the above notes for collection, the proceeds of which over and above $34,000, and seven per cent. (7%) interest, are to belong to the" life insurance company. The agreement and receipt constitute the entire contract between the parties, and it was made in June, 1894. After this, in December of the same year, the defendant bought fifty shares of the life insurance company's stock from V. L. Sawyer, giving him in part payment therefore a note for $1,299. Sawyer assigned this note to the life insurance company, in part payment of his note to it named in the agreement as aforesaid, and the company accepted it as such and gave him credit therefor, and affixed the defendant's note to the Sawyer note. The defendant knew of this, and both parties to the agreement assented to taking said note "as a substitute *pro tanto* for the note of Sawyer." In January, 1897, the defendant paid $499 and accrued interest to the life insurance company on his note and it was destroyed, and the note in suit was given by him to the company for the balance, under an agreement that it was to be used and applied upon the Sawyer note, as the prior note had been. Neither of these notes were entered upon the books of the company. The cash paid by the defendant was credited to Sawyer upon the books of the company. Under said agreement the company has paid only $7,600 of the loan. The note in suit has not been paid, and the defendant still owes $800 of the amount originally due from him to Sawyer.

The Sawyer note and the note in suit were always in the company's possession, and were found among its effects by the plaintiff. The agreement in question is still in force. Platt, Wade and Platt never gave the plaintiff any authority to bring this suit. Owing to the bankruptcy of the maker of the largest notes named in the agreement, the principal and interest of the other notes therein named will amount to less than the sum loaned and interest.

Upon these facts, the defendant claimed that plaintiff had shown no such ownership and interest in the note in suit as entitled it to recover upon it in this action. The court overruled this claim, and its action in so doing is the only error assigned upon this appeal.

The defendant is right in his claim that if the note in suit had been assigned by the life insurance company to Platt, Wade and Platt, before the receiver was appointed, the plaintiff would not be entitled to recover in this action. *Lee* v. *Jilson,* 9 Conn. 94; *Curtis* v. *Bemis,* 26 id. 1; *Protection Ins. Co.* v. *Bill,* 31 id. 534; *Vila* v. *Weston,* 33 id. 42. The important question is whether it had been so assigned. It was found by the receiver among the effects of the company, without indorsement or assignment of any kind written upon it. The defendant's claim that it was so assigned is based wholly upon the terms of the written agreement made between the life insurance company and Platt, Wade and Platt. But under that instrument it is expressly provided that the legal title to all the notes mentioned therein and to the debts evidenced thereby, shall remain in the life insurance company; and the assignment and transfer therein mentioned is not a transfer or assignment or indorsement of the notes themselves, but only of the money or other valuable thing which shall be given in payment of the notes or of the interest due thereon. The agreement contemplates that the full legal title and continued possession of all the notes shall remain in the company, and the main purpose of it is to give Platt, Wade and Platt a right to the proceeds of the notes as collected by the company, or by themselves, in the name of the company. Looking at the agreement as a whole, and at

all the circumstances under which it was made, it is clear beyond dispute that the legal title and the possession of all the notes remained, and that all concerned intended them to remain, in the life insurance company. Even, then, if the note in suit had been in existence when the agreement was made, and had been named in it, or if it is to be treated and regarded upon the facts found as forming a part of the Sawyer note at the date of the agreement, it is clear that the legal title to it and the possession of it remained in the company, and did not pass to Platt, Wade and Platt. It follows that the title to the note in suit, and the possession of it, were in the company when the plaintiff was appointed and qualified as receiver, that it is entitled to recover upon the note in this suit, and that the trial court did not err in so holding.

Upon the questions, which may arise as between the plaintiff and Platt, Wade and Platt, as to the proceeds of this note, the court is not to be understood as expressing any opinion.

There is no error.

In this opinion the other judges concurred.